UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| JEFFREY M. THOMPSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO.: 2:12-CV-18 |
| | ) |
| CAROLYN W. COLVIN,[1] | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This Social Security matter is before the Court to consider the Report and Recommendation ("RR") of the United States Magistrate Judge dated December 4, 2012. In that RR, the Magistrate Judge recommends that the plaintiff's motion for judgment on the pleadings, [Doc. 12], be granted in part and that the case be "remanded for a mental evaluation by an examining source, including a GAF assessment." The magistrate judge also recommends that defendant's motion for summary judgment, [Doc. 14], be denied. The defendant has filed objections to this recommendation, [Doc. 19].

The defendant first states that the magistrate judge's recommendation of remand was based on a letter dated July 11, 2011. The defendant asserts in its objection that the magistrate judge did not consider this letter under the proper legal standard. More specifically, the defendant argues that the letter does not meet the standard for remand under sentence six of 42 U.S.C. § 405(g). In addition, the defendant contends that the plaintiff has waived any argument regarding the letter because the plaintiff failed to argue that the letter provides a basis for remand

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security and is therefore substituted for Commissioner Michael J. Astrue as Defendant in this action. See 42 U.S.C. § 405(g).

pursuant to sentence six. Finally, the defendant argues that even if this Court considers the letter, a remand is not warranted under sentence six.

To be clear, the RR stated:

> The Court completely understands that this letter was not before the ALJ, and is not evidence which was before the Commissioner. Likewise, Dr. Moffet's opinions on "substantial gainful activity" are legal adjudicative findings to be made by the Commissioner. However, the letter does point out a serious flaw in what is already a borderline case, which is that the ALJ misunderstood or misread the GAF scores in Dr. Moffet's treatment records, and based his opinion of RFC in no small part on that misconception. As far as the Court can tell, Dr. Moffet's GAF scores are the *only* GAF scores in the entire record. While an argument can certainly be made that the attachment to Dr. Moffet's letter is some unknown source opining on the interpretation of what a GAF score means, it is certainly no less true that the ALJ relied on some unknown source for his finding that a GAF score "in the 50's...is indicative of no more than moderate mental limitations." (Tr. 15). Also, Dr. Moffet is a treating psychiatrist who opined himself as to what the GAF scores meant. That opinion from a treating physician must mean more than the opinion of the ALJ or this Court for that matter.

[Doc. 16, Pg. 6].

The magistrate judge ultimately recommended remand "for a mental evaluation by an examining source, including a GAF assessment." [Doc. 16, Pg. 7]. This was a remand pursuant to sentence four to further develop the record, for the magistrate judge found that the letter merely pointed out a deficiency in the ALJ's decision based on the evidence *already* contained in the record. At the time the ALJ made his decision, the record contained Dr. Moffet's GAF scores of 50. These were the *only* GAF scores in the record. The magistrate judge pointed out that the letter underscores that in making his decision not to rely on Dr. Moffet's opinion, the ALJ relied upon an incorrect standard in interpreting Dr. Moffet's GAF assessments. It is clear the magistrate judge was aware of the current record and its deficiencies even without

considering the letter. The magistrate judge did not rely on the letter in making his recommendation. The magistrate judge is quite capable, as is this Court, of examining the record that was before the ALJ and determine from that evidence that his decision was based upon a misconception, i.e. an incorrect meaning given to the only GAF scores of record. Therefore, this Court does not find that the magistrate judge used an incorrect legal standard and that objection is overruled. In other words, the magistrate judge did not consider the July 11, 2011 letter under an improper legal standard, for he did not rely upon this letter in making his recommendation. He merely noted that the letter pointed out something the court was already well aware of based on the current record. Therefore, a sentence six remand does not come into play.

Moreover, ALJs and courts routinely rely upon GAF scores and the scores' meanings in analyzing whether benefits should ultimately be awarded. *See White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 276 (6th Cir. 2009); *see also* American Psychiatric Association Diagnostic and Statistical Manual of Mental Disorders, Text Revision 34 (4th ed. 2000) (detailing score ranges and their meanings). Here, it is undisputed by the parties that a GAF score of 41 to 50 indicates serious symptoms. *See Gayheart v. Comm'r of Soc. Sec.*, No. 12-3553, slip op. at 3 (6th Cir. 2013) (recommended for publication). It is further undisputed that the ALJ stated that a GAF score "in the 50's" indicates "no more than moderate mental limitations." (Tr. 15). As Dr. Moffet's scores of only 50 are the only scores in the record, the ALJ's statement that his scores indicate no more than moderate limitations is clearly incorrect.

Considering this error and not even considering the contents of the July 2011 letter, this Court must now decide whether a remand is warranted. While a GAF score is not controlling as to whether benefits should be awarded, the scores are helpful in analyzing a person's symptoms and possible difficulty in social, occupational or school functioning at the time a practitioner

performed the examination.  Here, as noted, the only scores in the record are those from Dr. Moffet.  The ALJ assigned an incorrect meaning to those scores.  This error is significant because part of the reasons why the ALJ apparently decided to give little weight to Dr. Moffet's and to instead give more weight to the state agency psychologists' reports was perceived inconsistencies in Dr. Moffet's own records and that his opinions conflicted with other evidence in the record, including the plaintiff's activities of daily living.  However, the ALJ did not give sufficient details as to any of these.  *See Gayheart*, slip op. at 15-17 (discussing the proper analysis and "good reasons" in determining controlling weight to be given to medical opinions).  Therefore, good reasons should have been given as to why Dr. Moffet's opinions were given little weight.  *See id*.  When the scant reasons for discounting the opinions were based on a misconception, this Court cannot find this harmless.

Thus, after *de novo* and careful consideration of the record as a whole, including the Administrative Transcript, and after careful consideration of the Report and Recommendation of the United States Magistrate Judge, for the reasons set out in that Report and Recommendation which are incorporated by reference herein, and for the reasons stated above, it is hereby ORDERED that the defendant's objections are OVERRULED, [Doc. 19], that this Report and Recommendation is ADOPTED and APPROVED, [Doc. 16], that the plaintiff's motion for judgment on the pleadings, [Doc. 12], is GRANTED IN PART, and that defendant's motion for summary judgment, [Doc. 14], is DENIED.  It is further ORDERED that this case is REMANDED to the Commissioner for remanded for a mental evaluation by an examining source, including a GAF assessment.

E N T E R:

                                              s/J. RONNIE GREER
                                  UNITED STATES DISTRICT JUDGE